IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
MIDDLE DIVISION AT NASHVILLE

January 15, 2013 SESSION

**TIMOTHY WILLIAM JELKS v. STATE OF TENNESSEE**

**APPEAL FROM THE JUDGMENT OF THE SUMNER COUNTY CIRCUIT
COURT**
**No. 239-2012  Dee David Gay, Judge**

_____

**No. M2012-00984-CCA-R3-PC- Filed July 30, 2013**

_____

Timothy William Jelks seeks post-conviction relief from a guilty plea  and conviction for aggravated child neglect, a Class A felony. Tenn. Code Ann. § 39-15-402. Jelks claims his counsel failed to advise him properly during his plea bargain and asserts the one (1) year statute of limitations should be tolled due to new constitutional rights established by the United States Supreme Court. Finding no merit to the assertions of the appellant, we affirm the judgment of the Circuit Court in all aspects.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed.**

PAUL G. SUMMERS, Sr. J., delivered the opinion of the Court in which JOSEPH. M. TIPTON, P.J., concurred in results, and JAMES CURWOOD Witt, Jr., J., joined.

Robert E. Cooper, Jr. Attorney General and Reporter; Clark B. Thorton, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General;  Sallie Wade Brown, Assistant District Attorney General for the appellee, State of Tennessee.

Mr. Eric Scott Mauldin, Gallatin, Tennessee, for appellant, Timothy William Jelks.

*I.  Standard of Review*

    The Supreme Court of Tennessee has ruled that the standard of review for a criminal appeal is determined by the nature of the appeal:

A trial court's findings of fact are conclusive unless the evidence in the record preponderates against those findings. Where appellate review is of purely factual issues, the appellate court will not reweigh or reevaluate the evidence.

Review of a trial court's application of law to the facts of a particular case is *de novo*, with no presumption of correctness. Cases that involve mixed questions of law and fact are subject to *de novo* review.

*State v. Burns,* 6 S.W. 3d 453, 461 (Tenn. 1999).

The case before this Court requires application of law to the facts and is *de novo* with no presumption of correctness.

## II. Facts and Procedural Background

On March 8, 2005, petitioner, Timothy William Jelks, then represented by counsel, entered a best interests plea of guilty to a charge of aggravated child neglect, a Class A felony. See, Tenn. Code Ann. § 39-15-402. Petitioner received a minimum sentence of 15 years at 100%. See, Tenn. Code Ann. § 40-35-501. The offense was committed in 2002. Seven years after his conviction, on April 2, 2012, petitioner filed a pleading styled "motion to reopen post-conviction relief…" in the Sumner County Circuit Court. The motion was improperly titled because the petitioner had not previously filed a motion for post-conviction relief. Petitioner also filed other motions requesting appointment of counsel based on indigency.

Jelks stated he "entered his plea on the advice of his trial attorney" and pled guilty in 2005 to his 2002 crime of aggravated child neglect, a Class A felony, in exchange for a sentence of 15 years at 100%. No previous appeals or motions were filed.

Jelks signed a plea agreement in 2005 which indicated the competence of, and his satisfaction with, his counsel. Jelks now insists his court appointed counsel was ineffective by failing to accurately advise him regarding minimum and maximum sentence lengths versus his plea bargain of 15 years at 100% and, as a result of ineffective counsel, his plea was not knowing and voluntary. See, Tenn. R. Crim. P. 11(b)(2). Jelks appealed the original ruling nor filed any motions during the seven years he has been incarcerated.

On April 12, 2012, the trial court, without an evidentiary hearing, denied the appellant's motion for post-conviction relief based on the statute of limitations. The current appeal followed, and petitioner was appointed counsel.

## III. Law and Analysis

The statute of limitations for filing a post-conviction petition is one year from the date the judgment became final. See, Tenn. Code Ann. § 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations unless:
>
> > 1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of the trial.

Tenn. Code Ann. § 40-30-102(b).

Appellant's claim for an exception to the statute of limitations relies upon Tennessee Code Annotated section 40-30-102(b)(1) and the recognition of a new constitutional right to effective counsel during plea bargaining, as declared by the United States Supreme Court in *Missouri v. Frye,* 123 S. Ct. 1399 (2012). Justice Kennedy's opinion in *Frye* explained:

> The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages.

*Frye*, 132 S. Ct. at 1407

Petitioner asserts the application of *Frye* retroactively by application of *Teague v. Lane,* 488 U.S. 288 (1989). The relevant portion of *Teague* requires that the new rule establish a "watershed rule" of criminal procedure that implicated the fundamental fairness of the trial. *Teague,* 489 U.S. at 311. Because the merits of whether original counsel was ineffective is dispositive, the court need not consider the impact of other issues, or retrospective application of a new constitutional right and the impact of *Teague* analysis in the application of *Frye*.

The gravamen of petitioner's claim is that petitioner's attorney was mistaken, and thus ineffective, by advising him that aggravated child abuse was a 100% crime. Jelks asserts the proper percentage for a Range I offender is 30%; and he would not have pled guilty had he been properly advised. He asserts it would have been much better for him to go to trial and, if found guilty, be sentenced to 15 years at 30%.

Jelks committed the offense in 2002. The statute in effect at the time states that "[a] person commits the offense of child abuse or neglect" that results in serious bodily injury or that is committed with a deadly weapon. Tenn. Code Ann. § 39-15-402(a)(2002).

> The offense of child abuse and neglect as defined by Tenn. Code Ann. § 39-15-401(a) (2002) is a single offense that may be committed by two courses of conduct: child abuse through injury or child abuse through neglect.

*State v. Mateyko,* 53 S. W.3d 666, 668 n.1 (Tenn. 2001).

In 2002, the crime of child abuse and neglect was a single integrated crime without differentiation of separate elements for abuse and neglect. If Jelks had been apprehended, charged and found guilty of his crime in 2002, he would have been sentenced under then current laws and would have a sentence at 100% which may or may not have been reduced to 85% based on earned sentencing credits. A claim of inneffectiveness of counsel, even if timely, would have been without merit because counsel properly advised Mr. Jelks regarding the consequences of his actions.

Jelks bases his argument on an October 24, 2008, Tennessee Attorney General opinion, 08-168 (2008), which analyzed the 2005 amended version of Tennessee Code Annontated section 40-35-501(i)(1) and said that a sentence for aggravated child neglect is not required to be served at 100% and can be sentenced as a Range 1 standard offender.

The 2008 Attorney General's opinion does not apply to Mr. Jelks because he was not sentenced under the 2005 amended version of Tennessee Code Annontated sections 40-35-501(i)(1)-501(i)(2)(K). His plea was entered and he was sentenced under the 2002 version of Tennessee Code Annontated section 39-15-402(a) (2002) which did not differentiate between aggravated child abuse and aggravated child neglect. Mr. Jelks is not eligible for relief merely by the fortuitous circumstances of a subsequent change in the law by the legislature.

The punishment for the single offense must be imposed with a release eligibility of 100% which may be reduced to no less than 85% on the application of earned sentencing credits. Tenn. Code Ann. §§40-35-501(i)(1)-501(i)(2)(K).

This Court is without the power or desire to question the legislature's wisdom in failing to accord retroactive effect to the later division of Mr. Jelks's offense into two separate crimes. The record contains insufficient factual or legal basis for this Court to overturn a seven year old conviction that is barred by the post-conviction statute of limitations.

*IV. Conclusion*

Having carefully reviewed the record and based on the foregoing, we affirm the judgments of the trial court.

_____
PAUL G. SUMMERS, Senior Judge